Barry J. Smith Sr.,

    Plaintiff-Appellant,

v.                                         Appeal Nos. 25-1148 and 25-1540

United States Congress and Community Care Inc., et al.

                                      Defendant-Appellees.

---

## FEDERAL RULE APPELLATE PROCEDURE 39(d)(2) OBJECTIONS and MOTION TO RECONSIDER RULE 41(d) MOTION TO STAY MANDATE

---

Appellees' brief did not argue in defense of Community Care Inc. or GuardianTrac LLC, their entire argument was in defense of Judge Pamela Pepper, Judge Peter Stadtmueller and the judges of the Seventh Circuit Court of Appeals. This case was originally dismissed without prejudice by Judge Stadtmueller based on Judge Pepper's ordered filing bar against Barry Smith that prohibited Smith stating in his complaint that he is "a descendant of slaves." From that point to now, the defendant-appellees had no standing to defend themselves against that court voided complaint. Smith's motion, filed November 24, 2020, for Judge Stadtmueller to reopen the case and allow him to correct his complaint by amending it with the words "American Negro" was denied by Judge Stadtmueller in his order filed December 1, 2020. In Appeal No. 20-3363 you affirmed Judge Stadtmueller's race-based dismissal of appellant's complaint based on Judge Pepper's race-based restricted filer order barring Smith out of court whenever he states he is "a

1

accountability for his ex parte orders including his refusing to consider appellant's motion received by his court dated March 20, 2025 invoking Fed. R. Civ. Pro. 60(b)(4)(5)(6). In view of this, appellant shall expand the issue he shall present in his petition for certiorari to the United States Supreme Court.

Appellees' brief at **SUMMARY OF ARGUMENT,** 1. Appellees completely fail to mention anything mentioned in appellant's brief about them that they have an issue with. Appellant was never given an opportunity by Judge Stadtmueller to raise any arguments against appellees, it is therefore impossible to forfeit such arguments. Appellant filed a Rule 60(b)(4)(5)(6) motion in the district court on March 20, 2025 that was stamped received by the court clerk's office but not docketed until April 3, 2025 with appellant's motion to supplement the record. None of this required a response from appellees. 2. Appellees state that appellant raises "his purported status as a Fourteenth Amendment citizen----was already rejected in Case No. 19-cv-1001 and is expressly barred by Judge Pepper's filing injunction." According to The Britannica Dictionary, the definition of the word "purported" is: said to be true or real but not definitely true or real. Appellees are clearly saying that they agree with Judge Pepper in rejecting appellant's status as a Fourteenth Amendment citizen. Appellees' brief was neither necessary nor appropriate. 3.It was neither necessary nor appropriate for appellees to argue against appellant's argument that Judge Stadtmueller was not impartial and has a bias and personally prejudice against appellant. Appellees are not accused by appellant of judicial bias and personal prejudice against him. Appellees' brief was neither necessary nor appropriate. 4. The basis for the appeal offered by appellant is that he is a Fourteenth Amendment citizen entitled to Fifth Amendment procedural and substantive due process of law, he is entitled to First Amendment freedom of speech, and he has been repeatedly denied these citizenship rights that are by law his by birth. Appellees' brief was neither necessary nor appropriate. Defending the district court judges and the appeals court is by law the appointed United States Attorneys' duty. Are appellees United States Attorneys?

3

Based on the above stated facts, this court should reconsider its denial of appellant's Rule 41(d) motion to stay mandate pending his petition for certiorari.

Based on the above facts, appellees should be ordered to explain how their participation in this appeal was relevant to the merits of appellant's complaint against them. How many minutes in this appeal did they work on defending their answers to appellant's complaint, their dispositive motions filed against appellant's complaint, and their briefs filed against the merits of appellant's complaint? If appellees cannot explain how many minutes in this appeal they evidently worked defending their answer to appellant's complaint, their dispositive motions against appellant's complaint or their briefs filed against the merits of appellant's complaint, they have not earned any money in this appeal. This court should not order appellant to pay appellees money for work they have done to protect ex parte rulings by Judge Stadtmueller against appellant. In the interest of justice, the tens of thousands of dollars they claim as costs in this appeal should be reduced to zero.

Date: October 29, 2025.

By: *[signature]* AKA Mack Smith IV

Pro se Barry Smith Sr. AKA Mack Smith IV

3124 W. Silver Spring Drive

Milwaukee, WI 53209

(414) 315-3913

Attached receipt of shipping by FedEx to:

| | |
|---|---|
| Attorney J. Anzelmo  Husch Blackwell LLP | Attorney Emma J Jewel  Godfrey & Kahn |
| 511 N Broadway - Ste 1100 | 833 E Michigan St - Ste 1800 |
| Milwaukee WI 53202 | Milwaukee WI 53202 |
| (414) 978-5421 | (414) 287-9528 |