**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

Submitted October 9, 2025[*]
Decided October 10, 2025



**Before**

DAVID F. HAMILTON, *Circuit Judge*

DORIS L. PRYOR, *Circuit Judge*

JOSHUA P. KOLAR, *Circuit Judge*

| | |
|---|---|
| No. 25-1148 | |
| BARRY J. SMITH, SR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 19-cv-1001-pp |
| UNITED STATES CONGRESS and WISCONSIN LEGISLATURE, *Defendants-Appellees*. | Pamela Pepper, *Chief Judge*. |
| No. 25-1540 | |
| BARRY J. SMITH, SR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | |

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

| | |
|---|---|
| COMMUNITY CARE INC., and<br>GUARDIANTRAC LLC d/b/a<br>GT INDEPENDENCE,<br>    *Defendants-Appellees*. | No. 20-CV-1482-JPS<br><br>J.P. Stadtmueller,<br>*Judge*. |

# O R D E R

In these consolidated appeals, Barry Smith challenges one district judge's denial of his motion to rescind a filing bar, and another district judge's denial of his motion to "reopen" a case that was dismissed because of that filing bar. In addition, the appellees in one case seek sanctions against Smith for his continued vexatious litigation. We affirm both orders and grant the motion for sanctions.

In 1990, Smith was convicted of threatening to kill a federal district judge. After completing his sentence, Smith filed numerous lawsuits challenging laws that restricted him from possessing firearms and holding elected office based on his status as a convicted felon. In November 2019, Chief Judge Pamela Pepper dismissed Smith's seventh lawsuit and barred him from filing suits "arising out of his status as a descendant of slaves or … as a convicted felon," but she provided that Smith could submit a motion to modify or rescind the order after three years. *Smith v. United States Congress*, No. 19-cv-1001-pp, 2019 WL 6037487, at *10–11 (E.D. Wis. Nov. 14, 2019). We affirmed the imposition of this filing bar and imposed an additional fine of $2,000 on Smith. *Smith v. United States Congress*, 840 F. App'x 31, 34 (7th Cir. 2021). Smith paid the fine and proceeded to file another frivolous appeal, for which we imposed an additional $5,000 fine and imposed a filing bar. *Smith v. United States Congress*, No. 22-2592, 2023 WL 3581990, at *2 (7th Cir. May 22, 2023).

Undeterred, Smith then filed three suits against two private healthcare providers, Community Care Inc. and Guardiantrac LLC. In those cases, Smith again brought claims based on his race and status as a descendant of slaves. Each of them was dismissed pursuant to the 2019 filing bar.

In January 2025, more than five years after the filing bar was imposed, Smith filed a motion requesting its recission or, in the alternative, for Chief Judge Pepper to "clarify whether plaintiff identifying himself in a complaint as Black violates its restricted filer order." Finding that Smith had not demonstrated an intent to stop filing

frivolous suits, she denied his motion to rescind the 2019 filing bar. As for Smith's request for clarification, the judge explained that the filing bar applied to any lawsuit in the Eastern District of Wisconsin raising claims that were previously rejected, including those relating to Bills of Attainder, the Second, Thirteenth, and Fifteenth Amendments, and *Dred Scott v. Sandford*, 60 U.S. 393 (1857). Chief Judge Pepper also explained that the filing bar extended to the claims Smith brought in his three cases against Community Care Inc. and Guardiantrac LLC. Chief Judge Pepper modified the November 2019 filing bar to reflect these clarifications.

The next month, Smith attempted to file an amended complaint in one of his cases against Community Care Inc. and Guardiantrac LLC, more than four years after judgment was entered. Smith tendered a proposed amended complaint, which the court construed as a motion to "reopen" his case, and denied it. The court reasoned that the filing bar remained in place, and, in any event, Smith provided only an amended complaint but no reason to reopen the case. Smith then filed a renewed motion to reopen his case and amend the complaint, arguing that the filing bar, as clarified by Chief Judge Pepper's January 2025 order, did not bar the amended claims he wished to pursue. Judge Stadtmueller denied Smith's motion, again explaining that the suit was still prohibited by the filing bar and that there was no basis for reopening the case four years after it was dismissed, regardless of whether the claims would be subject to the filing bar.

On appeal, Smith challenges both Chief Judge Pepper's denial of his motion to rescind the filing bar and Judge Stadtmueller's denial of his motion to reopen the case against the healthcare providers. Smith also contends that Judge Stadtmueller should disqualify himself based on his purported personal bias or prejudice against Smith. *See* 28 U.S.C. § 455(a).

We have jurisdiction to review the order denying the motion to lift the filing bar under 28 U.S.C. § 1292(a)(1), and we review it for abuse of discretion. *See Martin v. Redden*, 34 F.4th 564, 568 (7th Cir. 2022). The judiciary has "ample" authority to curtail abusive filing practices. *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185, 186 (7th Cir. 1995). Still, sanctions must be tailored to address the abuse. *See In re Sassower*, 510 U.S. 4, 5–6 (1993). Such restrictions often except filings related to criminal proceedings and collateral attacks. *See Mack*, 45 F.3d at 186. Though perpetual filing bars are disfavored, *see id.*, litigants generally must demonstrate their intent to desist from additional abusive filing practices before a restriction must be lifted. *Reed v. PF of Milwaukee Midtown, LLC*, 16 F.4th 1229, 1232 (7th Cir. 2021).

Chief Judge Pepper did not abuse her discretion by denying Smith's motion to rescind the filing bar.[1] *See Martin*, 34 F.4th at 568. As the judge recognized, Smith has persisted in seeking relief, across multiple suits, on theories that have been rejected numerous times. The absence of demonstrated intent to desist from further abusive litigation practices weighs against lifting the bar in full. *See Reed*, 16 F.4th at 1232. And the modified filing restriction is specifically tailored to allow Smith meaningful access to the courts while preventing him from recycling those discredited claims. *See In re Chapman*, 328 F.3d 903, 905 (7th Cir. 2003). Smith remains free to bring any claims other than those previously rejected. The judge noted that Smith is permitted to bring a suit "under valid federal statutes or actionable constitutional provisions." Smith's argument that the restriction is impermissibly indefinite fails: the order permits him to move to rescind or modify the bar after January 10, 2028. Therefore, we see no abuse of discretion in Chief Judge Pepper's decision to maintain, but clarify, the filing bar.

As for the case against the healthcare providers, Judge Stadtmueller did not abuse his discretion by denying Smith's motion to "reopen" his case more than four years after it was dismissed. In his motion, Smith sought leave to file an amended complaint under Rule 15 of the Federal Rules of Civil Procedure. But after a final judgment, a plaintiff may amend his complaint—even with leave of the court, *see* FED. R. CIV. P. 15(a)(2)—only after successfully moving to vacate or set aside the judgment under Rule 59(e) or 60(b). *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 790 (7th Cir. 2004). Smith made no attempt to do so. His initial filing was not a motion at all, but a proposed amended complaint tendered without leave of the court. His renewed motion sought only leave to amend under Rule 15. Nothing in either of his filings addressed the finality of the existing judgment. Judge Stadtmueller could not have abused his discretion in denying a motion that *Foster* and *Dubicz* required him to deny.[2]

---

[1] We have previously addressed Smith's claim that Chief Judge Pepper erred in dismissing his complaint for failure to state a claim upon which relief can be granted. *See Smith v. United States Congress*, 840 F. App'x 31, 33 (7th Cir. 2021). We need not address it again.

[2] Even if the district court had construed his motion as seeking relief from judgment, it was well outside Rule 59(e)'s 28-day deadline, was beyond the one-year deadline for relief under Rule 60(b)(1)-(3), *see* FED. R. CIV. P. 60(c)(1), and did not suggest the judgment was void or satisfied, or that relief from judgment would be justified for any other reason. *See* FED. R. CIV. P. 60(b)(4)-(5).

Smith also contends that Judge Stadtmueller's denial of his motion to reopen his case was based on personal bias, and that the judge should recuse himself. We disagree. Indeed, we already rejected this argument in one of Smith's previous appeals. *See Smith v. Cmty. Care Inc.*, No. 20-3363, 2022 WL 1436799, at *2 (7th Cir. May 6, 2022). Smith points to the fact that Judge Stadtmueller presided over his criminal trial and has since ruled against him in his civil suits. And once again, we remind Smith that adverse rulings and information learned while presiding in court do not establish bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994).

The appellee healthcare providers Community Care Inc. and Guardiantrac LLC have filed a joint motion for sanctions. We award sanctions when an appeal is frivolous and when sanctions are appropriate. *Mac Naughton v. Asher Ventures, LLC*, 76 F.4th 539, 543 (7th Cir. 2023). We grant the motion. Smith's appeal as to Community Care Inc. and Guardiantrac LLC was frivolous because it rehashes his previously rejected claim of judicial bias, and there is no arguable basis in law that he should have been permitted to amend a complaint while the judgment disposing of that complaint remained in place and unchallenged. Sanctions are appropriate—and increasingly warranted—because the previous sanctions imposed on Smith, including fines of $2,000 and $5,000, both of which he paid, have proved insufficient to curb his abusive filing practices.

Accordingly, we fine Smith $7,500 for his continued vexatious litigation and order him to pay Community Care Inc. and Guardiantrac LLC's reasonable attorney's fees incurred in defending this appeal. *See* FED. R. APP. P. 38; *see also Upchurch v. O'Brien*, 111 F.4th 805, 813–14 (7th Cir. 2024).

Within fourteen days of this order, Smith must tender a check payable to the clerk of this court for the full amount of the sanction. We also direct Community Care Inc. and Guardiantrac LLC to file and serve on Smith a statement of fees and costs within fourteen days. Smith may file a response to the statement of fees and costs within fourteen days of its filing.

Further, the clerks of all federal courts in this circuit shall return unfiled any papers submitted either directly or indirectly by or on behalf of Smith unless and until he pays the full sanction that has been imposed against him. *See In re City of Chicago*, 500 F.3d 582, 585–86 (7th Cir. 2007); *Mack*, 45 F.3d at 186. This filing bar excludes criminal cases and applications for writs of habeas corpus. *See Mack*, 45 F.3d at 186–87. If Smith, despite his best efforts, is unable to pay in full all outstanding sanctions, he is authorized to submit to this court a motion to modify or rescind this order no earlier

than two years from the date of this order. *In re City of Chicago*, 500 F.3d at 585–86; *Mack*, 45 F.3d at 186. We note that this sanction has no effect on the filing bar imposed by the district court.

We have considered Smith's other arguments, and none requires discussion.

AFFIRMED